**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **HERMAN SINGLETON** | : | **DOCKET NO. 06-0964** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **HECTOR MARTINEZ, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand [doc. # 19].[1]

Background

Herman Singleton filed the above-captioned suit on August 29, 2005, in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. (Petition for Damages). Singleton sought recovery under state tort law for damages that he sustained as a result of a car accident. *Id*. Made defendants were: the driver of the other vehicle, Hector Martinez; Martinez's insurer, Federal Insurance Company; and Metropolitan Casualty Insurance Company, the uninsured/underinsured provider for the car that Singleton was driving. *Id*.[2] Plaintiff twice amended his petition to join Martinez's employer, Varian Medical Systems, Inc., and to substitute Old Republic Insurance Company for Federal Insurance Company as Varian and Martinez's liability carrier. (Pl. 1st & 2nd Suppl. & Amend. Petitions).[3] On February 1, 2006,

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

[2] The car was owned by Fred Downs. (Amend. Notice of Removal, ¶ 8).

[3] The amended petitions do not indicate the date that they were filed.

defendant, Old Republic Insurance Company, was dismissed from the case. [doc. # 10].

On June 6, 2006, over nine months after suit was filed, defendants, Varian and Martinez (collectively, "Varian"), removed the case to federal court on the basis of diversity, 28 U.S.C. § 1332. (Notice of Removal). Plaintiff, Herman Singleton, is domiciled in Louisiana (Notice of Removal, ¶ 6). Defendant, Martinez, is a Texas domiciliary. *Id*. at ¶ 7. Varian Medical Systems, Inc. is a Delaware corporation, with its principal place of business in California. *Id*. at ¶ 8. Metropolitan Casualty Insurance Company is a Rhode Island corporation, with its principal place of business in Rhode Island. (Amend. Notice of Removal, ¶ 8). However, because Metropolitan is an uninsured/underinsured carrier, removing defendants contend that Metropolitan also shares plaintiff's citizenship in accordance with 28 U.S.C. § 1332(c)(1). (Opp. Memo., pg. 2).

To circumvent the resulting lack of diversity between plaintiff and Metropolitan, removing defendants contend that plaintiff has no reasonable possibility of recovery against Metropolitan, and that its presence should be disregarded for purposes of determining diversity (*i.e.* improper or "fraudulent" joinder). Yet, removing defendants argue that the case did not become removable until May 24, 2006, when they first received a copy of a January 23, 2006, letter wherein plaintiff's counsel indicated that he was keeping Metropolitan in the case to prevent removal. (Notice of Removal, Exh. E).[4] Varian contends that the January 23, 2006, letter constituted the first documented proof that Metropolitan was improperly joined to defeat removal. (*See*, Opp. Memo., pg. 5).

---

[4] Varian also relied on a May 12, 2006, misstatement by plaintiff's counsel that Metropolitan had been dismissed from the suit. (Opp. Memo., pgs. 3-4). However, a statement is not an "other paper" that would permit removal. *See*, 28 U.S.C. § 1446(b).

On July 3, 2006, plaintiff filed the instant motion to remand challenging the timeliness of the removal and defendants' argument that Metropolitan was improperly joined to defeat removal. Following a delay for briefing, the matter is now before the court.

Discussion

The relevant removal statute provides in part,

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,
> . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,
> . . .

28 U.S.C. § 1446(b). This case was removed pursuant to the second paragraph of § 1446(b). (*See*, Notice of Removal, ¶ 4). "Under 28 U.S.C. §§ 1446(b), when an action is not initially removable, the defendant has 30 days after it receives a copy of 'other paper from which it may first be ascertained' that the case is or has become removable. *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996).[5]

Removing defendants contend that Metropolitan was "fraudulently" or improperly joined.[6] When jurisdiction is alleged on the basis that non-diverse parties have been improperly

---

[5] A letter can be an "other paper." *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000).

[6] The Fifth Circuit now refers to "fraudulent" joinder as improper joinder.

3

joined, the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by*, *Illinois Cent. R. Co. v. Smallwood*, ___ U.S. ___, 125 S.Ct. 1825 (4/18/2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Here, there are no allegations that the jurisdictional facts have been fraudulently pled. Accordingly, our focus is the second basis for improper joinder. *See, Travis, supra.* In resolving this issue, we must determine whether the removing defendants have demonstrated that plaintiff has "no possibility of recovery" against the in-state/non-diverse defendant; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *Smallwood, supra.*

Removing defendants argue that Varian's self-insured retention of $ 1,000,000 exceeds the potential damages in this matter. (Opp. Memo., pgs. 6-7). They further emphasize that all insurance available to Varian must be exhausted before plaintiff can recover against the uninsured motorist carrier. *Id*. Varian has adduced uncontroverted evidence that it has additional umbrella coverage in the amount of $ 25,000,000. (Suppl. Opp. Memo., Exh. A). Given the damages alleged and the insurance available to Varian, it is manifest that plaintiff has no reasonable possibility of recovery against the uninsured carrier, Metropolitan.

Nonetheless, it is likewise evident that Varian knew that plaintiff had no reasonable possibility of recovery against Metropolitan significantly earlier than 30 days before the instant removal. Varian and Martinez all but admitted as much in their January 31, 2006, answers: "[i]t is admitted that . . . Varian insured the vehicle through self-insurance at a level that exceeds the

damages sought in this litigation." (Varian & Martinez Ans. to 1st Suppl. & Amend. Petition). Metropolitan also stated in its answer filed on, or about November 7, 2005, that Varian's self-insurance exceeded the damages suffered by plaintiff. (Metropolitan Ans. to 1st Suppl. & Amend. Petition).[7] Moreover, there is no reason why Varian could not have reviewed a copy of its own insurance summary establishing that it had $ 25,000,000 of excess coverage at the time that Varian filed its answer in January or even when Varian was served with the petition.

Removing defendants seem to argue that the missing piece of the improper joinder equation was plaintiff's counsel's letter acknowledging that Metropolitan was being kept in the case to thwart removal. Yet, plaintiff's counsel's subjective motivation for joining a purportedly non-diverse defendant is essentially irrelevant to the Fifth Circuit's improper joinder analysis. Rather, the pertinent inquiry is whether plaintiff has a reasonable possibility of recovery against the non-diverse defendant. *Smallwood, supra.* Toward this end, Varian had ready access to all requisite information considerably more than 30 days before the instant removal.

We additionally find that this matter was untimely removed because the case was removable on the face of the petitions, or at the latest, upon dismissal of Old Republic Insurance Co. on February 1, 2006. Plaintiff and removing defendants remain under the mistaken impression that because Metropolitan is an uninsured/underinsured carrier, it assumed the citizenship of plaintiff. *See*, 28 U.S.C. § 1332(c)(1)[8] and *Rayburn v. Colonial Penn Franklin Ins.*

---

[7] The certificate of service on Metropolitan's answer is dated November 7, 2005. *Id*.

[8] [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State

*Co.*, 1998 WL 883321 (E.D. La. 12/15/98). However, the Fifth Circuit has recognized that an uninsured motorists policy is not a "policy or contract of liability insurance" as contemplated under § 1332(c)(1). *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 725 (5th Cir. 1974)(citations omitted).[9] Moreover, courts have held that § 1332(c)(1) applies only to actions where "the liability sought to be imposed against the insurer could be imposed against the insured." *Shain v. Underwriters Ins. Co.*, 2002 WL 31640494 (E.D. La. 11/19/2002)(citing, *Gonzalez v. Government Employees Ins. Group*, 2000 WL 235236 (E.D. La. 2/28/2000)). "The same is true whether or not the plaintiff is a named insured under the automobile insurance policy." *Shain v. Underwriters Ins. Co.*, 2002 WL 31640494 (E.D. La. 2002). Here, the liability sought to be imposed by plaintiff against Metropolitan could not be imposed against Metropolitan's insured, Fred Downs. Thus, § 1332(c)(1) remains inapplicable, and Metropolitan's citizenship is diverse from that of plaintiff. *See, Shain, supra.*[10]

It also warrants mention that in addition to Varian failing to timely remove the case, Metropolitan also failed to timely remove despite its apparent recognition that its own presence

---

of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business;
28 U.S.C.A. § 1332(c)(1).

[9] *See also*, *Poynot v. Hicks*, 2002 WL 31040174 (E.D. La. 9/12/2002); *Barton v. Allstate Ins. Co.*, 729 F.Supp. 56 (W.D. Tex. 1990); *Carpenter v. Illinois Central Gulf R. Co.*, 524 F.Supp. 249 (M.D. La. 1981); *Blakenship v. Century Ins. Co.*, 1995 WL 861099 (S.D. Tex. 1995); *Basel v. Allstate Ins. Co.*, 757 F.Supp. 39 (N.D. Cal. 1991); *Irvin v. Allstate Ins. Co.*, 436 F.Supp. 575 (W.D. Okl. 1977); and *Beckham v. Safeco Ins. Co. of America*, 691 F.2d 898 (9th Cir. 1982).

[10] Furthermore, even if § 1332(c)(1) were applicable, the car owner, Fred Downs, is arguably Metropolitan's insured under § 1332(c)(1). *See, Shain, supra.* As such, Metropolitan takes on Downs' Florida citizenship which remains diverse from plaintiff. (Amend. Notice of Removal, ¶ 11).

did not prevent removal. (*See*, January 23, 2006, Letter; Notice of Removal, Exh. E). "[I]n cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988)(citing, *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986); 1A *Moore's Federal Practice* ¶¶ 0.168[3.-5-5] at 586 (1987)). Of course, "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal." *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986)(quoted source omitted).

Varian alternatively argues that the court should equitably toll the thirty day removal period. However, removal statutes are strictly construed against removal and in favor of remand. *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996). Moreover, there is no indication that removing defendants have diligently pursued removal.

Plaintiff further seeks the award of costs, expenses, and fees incurred as a result of the removal. 28 U.S.C. § 1447. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* \_\_\_\_ U.S. \_\_\_\_, 126 S.Ct. 704 (2005)

Here, although the removal was patently untimely, we unquestionably enjoy subject matter jurisdiction. 28 U.S.C. § 1332. Moreover, a failure to timely remove a case is a

7

procedural defect in the removal process. *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991)(citing, *Air-Shields, Inc. v. Fullam*, 891 F.2d 63 (3d Cir.1989)). As such, it was waivable if not raised by plaintiff within 30 days of removal. *Gilbreath v. Guadalupe Hosp. Foundation, Inc.*, 5 F.3d 785, 789 n.4 (5th Cir. 1993). Given the confusion generated by Varian's recent discovery of plaintiff's counsel's letter and plaintiff's counsel's alleged representation that Metropolitan had been dismissed from the case, it is not implausible that plaintiff might have foregone the untimeliness argument and instead focused solely upon the purported lack of federal subject matter jurisdiction. Thus, we cannot conclude that defendants lacked "objectively reasonable" grounds to remove the case. In any event, the foregoing events constitute "unusual circumstances" that militate against an imposition of costs and fees. *See, Martin, supra.*

Nevertheless, the Fifth Circuit has recently recognized that a component of "costs" under § 1447(c) are the costs assessable under Fed.R.Civ.P. 54(d)(1)). *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). Rule 54(d)(1) costs are not subject to the objective reasonableness test. *Id*. Rather, they "shall be allowed as of course to the prevailing party . . ." Fed.R.Civ.P. 54(d)(1). Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985). Removing defendants have not overcome this presumption.

In sum, the undersigned finds that the instant notice of removal was not timely filed. 28 U.S.C. § 1446(b). This delay constitutes a defect in the removal process, which was timely raised by plaintiff. Remand is required. 28 U.S.C. § 1447(c). Accordingly,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. #19] be GRANTED.

IT IS FURTHER RECOMMENDED that Fed.R.Civ.P. 54(d)(1) costs be assessed against

the removing defendants. 28 U.S.C. § 1447(c).[11]

IT IS FURTHER RECOMMENDED that movant's requests for costs, expenses, and fees be otherwise DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on August 7, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[11] The costs are limited to those incurred in federal court that would not have been incurred had the case remained in state court. *Avitts v. Amoco Production Co.* 111 F.3d 30, 32 (5th Cir. 1997). The costs are as specified in 28 U.S.C. § 1920. The amount of costs shall be determined by the Clerk of Court in the first instance. LR 54.3. An interactive version of AO Form 133 "Bill of Costs" can be found on the court's website: http://www.lawd.uscourts.gov/.